UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH ANN WARNER,<br><br>Plaintiff,<br><br>v.<br><br>SUREFOX CONSULTING LLC, et al.,<br><br>Defendants. | Case No. 21-cv-07473-RS<br><br>**ORDER DENYING MOTION TO DISMISS OR TRANSFER VENUE** |

## I. Introduction

Plaintiff filed this civil rights and employment action against her former employer in September 2021. Defendants move to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), arguing the mandatory venue statute of Title VII of the Civil Rights Act of 1964 ("Title VII") requires Plaintiff to have brought this lawsuit in either the Western or Eastern District of Texas, as Warner worked from home in Texas while employed by the Defendants, the decision to terminate her was made in Texas, and no electronic employment records are maintained in the Northern District of California. In the alternative, Defendants argue the case should be transferred to the Western District of Texas pursuant to 28 U.S.C. § 1404(a), as doing so is in the interest of justice. Contrary to Defendants' arguments, the Northern District of California is an appropriate venue under Title VII, and the Western District of Texas is not a demonstrably more convenient venue that would warrant supplanting Warner's choice of forum. For the foregoing reasons, the motion to dismiss or to transfer venue is denied.

## II. Factual Background

Deborah Warner was employed by Surefox North America from December 2018 to September 2020.[1] Surefox North America provides security services, including to technology companies in the Bay Area. Warner served as Chief of Staff and Director of Account Management. She names six defendants, all of whom she avers acted as joint employers: Surefox North America, Surefox Consulting LLC, Wolfhound Corp., Initial Lease LLC, Surefox Entertainment LLC, and 655 3rd Street LLC (collectively "Surefox"). Warner avers that she experienced discrimination and sexual harassment in the workplace, and that Surefox's Director of Operations, Brian Sweigart, sexually assaulted her. Surefox terminated Warner's employment in September 2020, which she avers was the culmination of a pattern of discriminatory treatment at the company. She pleads seven claims for relief: (1) sexual harassment and discrimination on the basis of gender or sex in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*; (2) sexual harassment and discrimination on the basis of gender or sex in violation of the California Fair Employment and Housing Act, Cal. Gov. Code § 12940, *et seq.*; (3) denial of equal pay in violation of the federal Equal Pay Act, 29 U.S.C. § 206(d); (4) denial of equal pay in violation of the California Equal Pay Act, Cal. Lab. Code § 1197.5, *et seq.*; (5) retaliation in violation of Title VII, 42 U.S.C. § 2000e, *et seq.*, and the California Fair Employment and Housing Act, Cal. Gov. Code § 12940, *et seq.*; (6) unpaid overtime in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*; and (7) unpaid overtime in violation of California Labor Code § 510.

Warner avers the discriminatory treatment began in 2019 after Sweigart allegedly sexually assaulted her on two occasions and she declined to engage in further sexual activity with him. Complaint, ¶¶ 47-52. Surefox initiated an investigation after Plaintiff sent an email to Sweigart and Szott stating that "[e]ver since [she] rebuffed [Sweigart]'s advances and let him know [she] was no longer interested in engaging in a sexual relationship, [she] [has] been treated horribly at

---

[1] Plaintiff also uses the name Deborah Zoll. *See* Declaration of Deborah Anne Zoll ("Plaintiff's Declaration").

1   work." *Id.* at ¶ 53. Surefox then initiated an internal investigation, placing Warner on paid leave in

2   June 2020. *Id.* at ¶ 54. She was told to return to work in August 2020, and was placed on a

3   performance improvement plan upon her return. *Id.* at ¶ 58. She avers she was set up to fail,

4   however, as she was given only one work assignment, little access to relevant information and

5   documents, and colleagues were told not to communicate with her. *Id.* at ¶ 58-59. Warner then

6   filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC")

7   and with the California Department of Fair Employment and Housing, and soon after she was

8   fired by Surefox. *Id.* at ¶ 60. In addition to her averments concerning discrimination, Warner also

9   makes averments concerning her pay while employed at Surefox, stating Surefox misclassified her

10  as an exempt employee for the purposes of payment of overtime wages, and that male employees

11  were paid more than she was for similar work. *Id.* at ¶¶ 45-46, 55.

### III. Motion to Dismiss

#### A. Legal Standard

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "A plaintiff who asserts multiple claims must establish that venue is proper as to each one." *United Tactical Sys. LLC v. Real Action Paintball, Inc.*, 108 F.Supp.3d 733, 751 (N.D. Cal. 2015). When a defendant files a Rule 12(b)(3) motion to dismiss for improper venue, the burden shifts to the plaintiff to establish venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). "Analysis under Rule 12(b)(3) . . . permits the district court to consider facts outside of the pleadings[.]" *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996), *overruled on other grounds by Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49 (2013).

There are two separate venue provisions relevant to this lawsuit. Under 28 U.S.C. § 1391(b), the general federal venue statute, a civil action may be brought in three places. First, the plaintiff may bring suit in "a judicial district in which any defendant resides, if all defendants are

1    residents of the State in which the district is located[.]" 28 U.S.C. § 1391(b)(1). Second, the

2    plaintiff may bring suit in "a judicial district in which a substantial part of the events or omissions

3    giving rise to the claim occurred, or a substantial part of property that is the subject of the action is

4    situated[.]" 28 U.S.C. § 1391(b)(2). Third, if there is not a proper district under the first two

5    provisions, the plaintiff may bring the suit in "any judicial district in which any defendant is

6    subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(3).

7         Title VII imposes a different venue requirement. *See* 42 U.S.C. § 2000e-5(f)(3). An action

8    under Title VII may be brought in one of three places: (1) "in any judicial district in the State in

9    which the unlawful employment practice is alleged to have been committed"; (2) "in the judicial

10   district in which the employment records relevant to such practice are maintained and

11   administered"; or (3) "in the judicial district in which the aggrieved person would have worked but

12   for the alleged unlawful employment practice[.]" *Id.* The statute also provides that "if the

13   respondent is not found within any such district, such an action may be brought within the judicial

14   district in which the respondent has his principal office." *Id.*

15   **B. Discussion**

16        As a threshold matter, Plaintiff and Defendants disagree about which venue provision

17   applies to which claims. Defendants argue that the Title VII venue provision applies to all claims,

18   including the non-Title VII claims. Plaintiff argues the Title VII venue provision applies to the

19   Title VII claims and the correlating state law claims, and that the general venue statute applies to

20   the other claims. The distinction between the two venue statutes, though, creates no material

21   difference in this specific case. For her Title VII claims, Warner relies on only one of the bases

22   outlined in the Title VII venue provision: "any judicial district in the State in which the unlawful

23   employment practice is alleged to have been committed[.]" 42 U.S.C. § 2000e-5(f)(3). For the

24   reasons explained below, in this case each claim satisfies this subsection of the Title VII venue

25   provision along with the second subsection of the general venue statute, which looks for "a

26   judicial district in which a substantial part of the events or omissions giving rise to the claim

27   occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C.

28

§ 1391(b)(2).

First, all of the claims are properly venued in this district because this district is "in the State in which the unlawful employment practice is alleged to have been committed[.]" 42 U.S.C. § 2000e-5(f)(3). Defendants argue the proper venue is the Eastern or Western District of Texas, arguing that the relevant employment decisions were made by Surefox Chief of Staff Peter Twedell in the Western District of Texas, and that Warner felt the effects of those decisions at her home in the Eastern District of Texas. These arguments, though, are based on overly narrow readings of both caselaw on Title VII's venue provision and the events that form the basis for Plaintiff's Title VII claims, as detailed in her complaint.

Both Plaintiff and Defendants discuss *Passantino v. Johnson & Johnson Consumer Products*, 212 F.3d 493 (9th Cir. 2000), a Ninth Circuit decision interpreting the language "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed" from 42 U.S.C. § 2000e-5(f)(3). Defendants argue "the intent of section 2000e-5(f)(3) is to authorize venue 'where the effect of the unlawful employment practice is felt[.]'" Defendants' Motion to Dismiss or Transfer Venue, at pg. 8 (quoting *Passantino*, 212 F.3d at 505). *Passantino*, however, held that where the effects of the practice is felt is just one of several possible options for determining Title VII venue. Indeed, the full holding from the venue discussion in *Passantino* states "venue is proper in both the forum where the employment decision is made and the forum in which that decision is implemented or its effects are felt." 212 F.3d at 506. Warner may have felt the effects of employment decisions at her home in Texas, but she can still establish that an employment decision was made in California.

Surefox argues the relevant employment decisions were made by Chief of Staff Pete Twedell while working from home in Frisco, Texas. As Warner states in a declaration, though, Twedell only supervised her in her last two months at the company. Declaration of Deborah Ann Zoll ("Plaintiff Declaration"), ¶ 15. The only decisions Twedell states he made on his own are the decision to place Warner on a performance improvement plan in August 2020, and her termination in September 2020. Declaration of Pete Twedell ("Twedell Declaration"), ¶¶ 11, 13. In his

ORDER DENYING MOTION TO DISMISS OR TRANSFER VENUE
CASE NO. 21-cv-07473-RS
5

declaration, Twedell does not profess to have been involved in any decisions concerning Warner before August 2020.[2]

In contrast, Plaintiff's Complaint avers numerous unlawful employment practices prior to Twedell's involvement, including sexual assault and verbal abuse by Sweigart, demotion and transfer to a different department, suspension from her role following her email complaint to Szott and Sweigart, and unequal pay.[3] Complaint, ¶¶ 47-48, 50, 52, 54-55. Warner further avers that Surefox has an "alpha male, macho, misogynist culture" in which "[f]emale employees are not treated the same as male employees[.]" *Id.* at ¶ 40. In short, Plaintiff's Complaint characterizes her placement on a performance improvement plan and subsequent termination as the culmination of a long-ranging pattern of mistreatment and misconduct during her employment, rather than the only events predicating her Complaint.

Warner has adequately established that at least a significant portion of the events underlying her Complaint occurred in California, or that the employment decision was made in California. She avers that she reported directly to Szott and Sweigart until the last period of her employment at Surefox, and both Szott and Sweigart typically worked from San Francisco.[4]

---

[2] Plaintiff also contests that Twedell made the decisions solely in his own capacity, explaining that when she previously held Twedell's position, she had no independent decision-making authority and was required to gain approval for each decision. Plaintiff Declaration, ¶ 15. Resolution of these contested facts is unnecessary for this motion, as Defendants have failed to contest that Szott and Sweigart were involved in other employment decisions concerning Plaintiff.

[3] Defendants argue that Plaintiff's allegations of sexual assault are time barred because they occurred over 300 days before her EEOC charge. Even when excluding the allegations of sexual assault, though, for the reasons explained below Plaintiff has adequately established that unlawful employment practices occurred in the Northern District of California. Thus, the question of whether the sexual assault allegations are time barred need not be decided at this time.

[4] Plaintiff states in a declaration that Sweigart spent most of his time living at a condominium above company headquarters in San Francisco. Plaintiff Declaration, ¶ 8. She avers that Szott split his time between San Francisco and the Dallas area, but that his time in Texas was primarily devoted to visiting his children as part of his custody arrangement. *Id.* at ¶ 14. Exhibits Plaintiff has filed in support of her opposition also support her declaration. Szott's LinkedIn page lists his location as San Francisco. Exhibit D to Plaintiff's Opposition to Defendants' Motion to Dismiss or Transfer Venue. His email signature in a May 2020 email listed two addresses: the San Francisco headquarters, and an address in Mexico. Exhibit E to Plaintiff's Opposition to Defendants' Motion to Dismiss or Transfer Venue. A news article profiling Surefox's work mentions Sweigart performing work functions in San Francisco. Exhibit H to Plaintiff's Opposition to Defendants' Motion to Dismiss or Transfer Venue.

Although shortly before filing this motion Surefox changed its listed headquarters from an address in San Francisco to a UPS Store in Dallas, San Francisco was the headquarters during the entire time Plaintiff was employed at Surefox, and most of Surefox's work for clients was performed in San Francisco. Plaintiff Declaration ,¶ 8. Further, as of the time of Warner's employment, the human resources, operations, and legal departments were all located in San Francisco. Plaintiff Declaration, ¶ 8. Plaintiff's Complaint centers Szott and Sweigart as the key decision makers in the company.

For each claim, the Northern District of California is a "judicial district in the State in which the unlawful employment practice is alleged to have been committed[.]" 42 U.S.C. § 2000e-5(f)(3). Claim One, a Title VII claim, and Claim Two, a state law corollary, both aver sexual harassment and that Defendants discriminated against Plaintiff "in connection with her compensation, and her terms, conditions, and privileges of employment[,]" Complaint, ¶¶ 64, 66, 70, 72. Warner has adequately established at this stage that decisions concerning her compensation, and the terms, conditions, and privileges of her employment were made in San Francisco by Sweigart and Szott.[5] Claims Three and Four aver violations of the federal and California Equal Pay Acts. Venue is satisfied as to these claims, because Warner has adequately established that decisions concerning pay were made at the San Francisco headquarters, when considering both Szott and Sweigart worked out of that office, and teams such as the human resources department were based there. Claim Five avers retaliation under both Title VII and state law. Warner avers she "engaged in protected activity that included, but is not limited to, complaining to her employers about gender discrimination in compensation and pay." *Id.* at ¶ 86. She has adequately averred that employment decisions made following her complaints were made in San Francisco. Claims Six and Seven aver Plaintiff was misclassified as an exempt employee for the purpose of overtime payment in violation of federal and California law, and she has

---

[5] Twedell's declaration notes that Szott "made the decision to hire Warner and set her compensation terms with approval from [Sweigart]." Twedell Declaration, ¶ 5,

ORDER DENYING MOTION TO DISMISS OR TRANSFER VENUE
CASE NO. 21-cv-07473-RS

7

adequately established that the unlawful employment practice occurred in San Francisco, since that is where the human resources and legal departments were located, along with Szott and Sweigart. In short, venue under 42 U.S.C. § 2000e-5(f)(3) is proper in the Northern District of California as to each claim.

Moreover, this case is different from a case upon which Defendants rely in which venue did not lie in a district in which a plaintiff only visited sporadically for work. In *Callahan v. BNSF Railway*, a court in the District of Oregon interpreted *Passantino*'s holding that venue is proper where the effects of a decision are felt, when the plaintiff sought to litigate in a forum where he had worked only temporarily. *See Callahan v. BNSF Ry. Co.*, 3:17-CV-1121-AC, 2018 WL 11218650, at *4-6 (D. Or. May 4, 2018), *report and recommendation adopted*, 2018 WL 11218649 (D. Or. July 20, 2018). In contrast, venue in this district is proper because this is the district where decisions were allegedly made. *See Passantino*, 212 F.3d at 506. Warner is not required to show that she felt the effects of the decisions in California if she can establish the decisions were made in this state.

Finally, venue in California satisfies the Title VII venue provision's goal to adjudicate Title VII claims in districts that are concerned with the relevant discrimination. *Passantino* noted "the only limitation contemplated by the [Title VII venue] provision is that it seeks to 'limit venue to the judicial district concerned with the alleged discrimination.'" 212 F.3d at 504 (quoting *Stebbins v. State Farm Mutual Auto Ins. Co.,* 413 F.2d 1100, 1102 (D.C. Cir. 1969)). Although assessing a district or state's interest in adjudicating a matter is not a prerequisite to establishing venue, both San Francisco and California are locales concerned with the alleged discrimination. As of the time of this motion, in filings with the California Secretary of State, Surefox listed its principal executive office as its San Francisco headquarters. *See* Exhibit I to Plaintiff's Opposition to Defendants' Motion to Dismiss or Transfer Venue. According to Plaintiff's declaration, most of Surefox's client work occurred in San Francisco, in addition to much of its own operations. The Northern District of California is a district concerned with alleged discrimination that occurs via decisions made in the district, by a company headquartered in the district.

Second, venue is proper as to each claim under 28 U.S.C. § 1391(b)(2). As explained above, a significant number of the unlawful employment practices predicating Plaintiff's claims occurred in the Northern District of California. Thus, it is also true that "a substantial part of the events or omissions giving rise to the claim[,]" 28 U.S.C. § 1391(b)(2), occurred in the Northern District. Indeed, Defendants only focus on the Title VII venue provision in their briefing, and make no argument that venue for any claim would be improper under the general venue statute. In conclusion, venue is proper in the Northern District of California as to each claim under both 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b)(2).

## IV. Motion to Transfer Venue

### A. Legal Standard

Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented" if such a transfer is "[f]or the convenience of parties and witnesses" and "in the interest of justice[.]" When evaluating a motion to transfer, a district court may consider factors including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

### B. Discussion

When considering the relevant factors, transferring the action to the Western District of Texas is not in the interest of justice. Both parties had significant contacts with this forum as it relates to the litigation. Surefox was, at least until some point, headquartered in San Francisco, and Warner had to travel to San Francisco with some frequency as part of her employment. Executives Szott and Sweigart used to spend a considerable amount of their working time in San Francisco. Although Defendants have argued that the Western District of Texas will be a more convenient

ORDER DENYING MOTION TO DISMISS OR TRANSFER VENUE
CASE NO. 21-cv-07473-RS
9

forum for Warner, she has chosen otherwise. Additionally, even though any court in the Western District of Texas will ably apply California law as to the state law claims, courts in this district are generally more familiar with the state law claims at issue. Further, Defendants have not highlighted any issues in terms of access to witnesses or sources of proof as it relates to litigating in the Northern District of California.[6]

Significantly, Warner has brought suit in the forum in which Surefox was headquartered for at least a large portion of the company's existence, and for the duration of Plaintiff's employment at the company. Defendants cannot credibly be inconvenienced by litigating in a forum where up until recently they were headquartered. Defendants accuse Warner of forum shopping, arguing that she seeks to take advantage of California laws by litigating in this district. Litigating this case in California, though, does not necessarily mean she will succeed on her California state law claims. Plaintiff bears the burden of proving her claims, regardless of whether she litigates in California or Texas. In short, when weighing the various factors under consideration, and recognizing "great weight is generally accorded plaintiff's choice of forum," *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987), transfer is not appropriate.

## V. Conclusion

For all the foregoing reasons, Defendants' motion to dismiss is denied. Additionally, transfer of the matter under 28 U.S.C. § 1404(a) is not warranted.

**IT IS SO ORDERED**.

Dated: February 22, 2022

RICHARD SEEBORG
Chief United States District Judge

---

[6] Defendants note that many witnesses live in Texas, but do not argue that those witnesses would be unavailable should this case proceed in the Northern District of California.